UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-22446-BLOOM/Louis

ISAAC SEABROOKS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Movant Isaac Seabrooks' Motion to Vacate, Set Aside, or Correct Conviction and Sentence Pursuant to 28 U.S.C. § 2255, ECF No. [1] ("Motion"), filed on June 18, 2018. On May 27, 2020, Magistrate Judge Louis issued a Report and Recommendation recommending that the Motion be denied. ECF No. [16] ("R&R"). Movant timely filed objections to the R&R, ECF No. [17-1] ("Objections"), to which Respondent did not file a response.

The Court has conducted a *de novo* review of the portions of the R&R to which Movant has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and the remainder of the R&R for clear error. *Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)). The Court has considered the Motion, the R&R, the Objections, the record in this case and applicable law, and is otherwise fully advised.

Movant raises six objections: (1) Judge Louis erroneously concluded that Movant's error claim is "procedurally barred" because it was "decided on direct appeal," ECF No. [17-1] at 2-5; (2) there is no preclusive "law of the case" or procedural bar here because there has been an

"intervening change in controlling law," *id.* at 5-6; (3) *Rehaif v. United States*, 139 S. Ct. 2191 (2019) is an "intervening change in the law" as to Count 1, *id.* at 6-7; (4) *Rehaif* is retroactively applicable, *id.* at 7-12; (5) Judge Louis erred in determining that Movant did not establish actual innocence regarding Count 1 or that the aiding and abetting instruction was not prejudicial, *id.* at 12-13; and (6) the R&R misdescribed the "fair assurance" standard and did not provide a "complete factual recitation" to evaluate whether the instructional error was harmless or harmful, *id.* at 13-19.

Upon review, the Court finds Judge Louis' R&R to be well reasoned and correct, and the Court agrees with the analysis in Judge Louis' R&R. The Objections are improper because they largely expand upon and reframe arguments already made and considered by the Magistrate Judge in her R&R, or simply disagree with the R&R's conclusions. Indeed, Movant copies and pastes verbatim large portions of his underlying briefs into his Objections to purportedly show the correctness of his analysis. *See* ECF No. [17-1] at 4 (inserting contents from ECF No. [15] at 2-4) and 15-17 (inserting contents from ECF No. [1] at 21-25). "It is improper for an objecting party to . . . submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report and Recommendations]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Louis' R&R, **ECF No. [16]**, is **ADOPTED**;
2. Movant's Objections, **ECF No. [17-1]**, are **OVERRULED**;
3. The Motion, **ECF No. [1]**, is **DENIED**;

Case No. 18-cv-22446-BLOOM/Louis

4. No certificate of appealability shall issue;

5. All pending motions are **DENIED AS MOOT**; and

6. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 16, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record